UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH TERRELL WILSON, ) | |
| ) | Case No. 20 C 4974 |
| Plaintiff, ) | |
| ) | Judge Mary M. Rowland |
| v. ) | |
| ) | Magistrate Shelia M. Finnegan |
| OFFICER FOKAS #19036, ) | |
| OFFICER BEESLEY #18844. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant, Tyler Fokas ("Defendant"), by and through one of his attorneys, Elizabeth Hanford, Assistant Corporation Counsel, submits his Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand, and states as follows:

1. On 7-24-19, I was standing in front of a friend house with a group of people's injoying the weather.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph. Answering further, Defendant denies Plaintiff has fully and/or accurately stated the events of July 24, 2019.**

2. Suddenly we heard gun shots ring out.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph. Answering further, Defendant denies Plaintiff has fully and/or accurately stated the events of July 24, 2019.**

3. Everybody ran tryna pervent from getting shot.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph. Answering further, Defendant denies Plaintiff has fully and/or accurately stated the events of July 24, 2019.**

4. I ran through a nearby alley.

**ANSWER: Defendant admits upon his arrival to the area of 832 N. Homan Ave., Chicago, Illinois 60651, that Plaintiff ran, but denies the remaining allegations in this paragraph. Defendant further denies Plaintiff has fully and/or accurately stated the events of July 24, 2019.**

5. Than I began to climb a fence.

**ANSWER: Defendant admits that he observed Plaintiff run and then begin to climb a fence. Defendant denies Plaintiff has fully and/or accurately stated the events of July 24, 2019.**

6. My shirt and paints got caught on the fence.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph.**

7. I tried to unattach my clothing from the fence, but I couldn't.

**ANSWER: Upon information and belief, Defendant denies the allegations contained in this paragraph.**

8. Suddenly I see officer Fokas running my way.

**ANSWER: Defendant denies Plaintiff has fully and/or accurately stated the events of July 24, 2019 and therefore denies the allegations set forth in this paragraph.**

9. Once officer Fokas made it to me why Im still stuck on the fence officers Fokas than asked me why was I running.

**ANSWER: Defendant denies the allegations set forth in this paragraph.**

10. I told officer Fokas somebody just was shooting.

**ANSWER: Defendant denies the allegations set forth in this paragraph.**

11. Officer Fokas let me go and started walking off towards a vacant lot next to me.

**ANSWER: Defendant denies the allegations set forth in this paragraph.**

12. I heard a Jane doe tell officer Fokas that whoever was shooting ran through a gang way.

**ANSWER: Defendant denies Plaintiff has fully and/or accurately stated the events of July 24, 2019 and therefore denies the allegations in this paragraph.**

13. I guess officer Fokas assume she was talking about me and ran back towards me why Im still stuck on the fence.

**ANSWER: Defendant denies Plaintiff has fully and/or accurately stated the events of July 24, 2019 and further denies the allegations set forth in this paragraph.**

14. Officer Fokas grabbed me from the back of my shirt pulling me down with full force, slamming me on my back causing my back to my feet to go completely numb for hours.

**ANSWER: Defendant denies the allegations set forth in this paragraph.**

15. I thought I was paralyzed.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph. Answering further, Defendant denies Plaintiff has fully and/or accurately stated the events of July 24, 2019, and further denies any wrongdoing.**

16. I started crying out loud telling officer Fokas I couldn't feel my legs.

**ANSWER: Defendant denies Plaintiff has fully and/or accurately stated the events of July 24, 2019 and further denies the allegations set forth in this paragraph.**

17. In I continue to ask officer Fokas what did I do wrong, Officer Fokas ignored me and handcuffed me.

**ANSWER: Defendant admits he handcuffed Plaintiff, but denies the remaining allegations in this paragraph.**

18. Jane doe watching everything that's taking place and finally walked towards Officer Fokas and told Officer Fokas he got the wrong person.

**ANSWER:    Defendant denies the allegations set forth in this paragraph.**

19. Officer Fokas ignored Jane Doe and continue to ask me to get off the ground.

**ANSWER: Defendant denies Plaintiff has fully and/or accurately stated the events of July 24, 2019 and therefore denies the allegations set forth in this paragraph.**

20. I continuously told officers Fokas I couldn't feel my legs or walk, under any circumstances.

**ANSWER: Defendant denies the allegations set forth in this paragraph.**

21. Officer Fokas pick me up off the ground and through me in the back of sgt John doe Police car.

**ANSWER: Defendant denies Plaintiff has fully and/or accurately stated the events of July 24, 2019 and therefore denies the allegations set forth in this paragraph.**

22. Sgt John doe transported me to the police statestion.

**ANSWER: Defendant admits that a sergeant transported Plaintiff to the police station.**

23. On are way to the police statestion I told sgt John doe several times that I couldn't feel my waste on down and I needed medical treatment ASAP.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph.**

24. Sgt John doe ignored me and took me straight to the statestion.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph.**

25. Where I seat for hours suffering, until officer Fokas and officer Beesley finished they paperwork.

**ANSWER: Defendant denies the allegations set forth in this paragraph.**

26. Officer Fokas and Officer Beesley took me to Mt. Sinai Hospital.

**ANSWER: Defendant admits the allegations set forth in this paragraph.**

27. Doctor Jane doe did X-Ray on my right hand and back.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph.**

28. My right hand was fraction and Dr. Jane doe seen nothing wrong with my back, than clear me.

**ANSWER: Defendant admits that Plaintiff was cleared to leave the hospital, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.**

29. Officer Fokas and Officer Beesley transported me back to the police statestion 3151 W. Harrison, St.

**ANSWER: Defendant admits the allegations set forth in this paragraph.**

30. 7-25-19, I was transported to C.C.D.O.C.

4

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph.**

31. Months of complaining about my injury that took place when I was arrested on 7-24-19.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph. Answering further Defendant denies Plaintiff sustained an injury in the manner alleged herein, and further denies any allegation of wrongdoing or other misconduct.**

32. C.C.D.O.C. finally sent me to Stroger hospital 12-10-19.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph.**

33. I receive a M.I.R, and that's when I found out that I had a slip disc in my neck rapped around my spinal cord.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph.**

34. 12-16-19 I had surgery on my neck.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph.**

35. My surgery was successful but my ability to walk and move around normally is still a on going process.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph and denies any wrongdoing alleged.**

## **AFFIRMATIVE DEFENSES**

1. Defendant is a government official, namely police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant could have believed his actions to be lawful, in light of clearly established law and the information that said Defendant possessed. Defendant, therefore, is entitled to qualified

immunity as a matter of law.

2. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

3. Defendant cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues deemed so triable.

Dated: March 15, 2021                Respectfully submitted,

*/s/ Elizabeth K. Hanford*
ELIZABETH K. HANFORD
Assistant Corporation Counsel III

ALLISON ROMELFANGER, Assistant Corporation Counsel Supervisor
ELIZABETH HANFORD, Assistant Corporation Counsel III
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-5113
Atty. No. 6324009
Allison.Romelfanger@cityofchicago.org
Elizabeth.Hanford@cityofchicago.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on <u>March 17, 2021</u>, I will serve a copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**, via U.S. Mail upon the following:

Keith Wilson
Danville - DCR
#R-73708
2830 East Main Street
Danville, IL 61834

                                                                           */s/ Elizabeth Hanford*
                                                                           Elizabeth Hanford
                                                                           Assistant Corporation Counsel